UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CR-31-TAV-HBG-1 |
| | ) | |
| ROBERT Z. WHIPPLE III, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 7, 2020, law enforcement conducted a warrantless search of defendant's hotel room and person. Later that day, search warrants were executed in his room and his vehicle. Defendant filed a motion to suppress all evidence obtained following the warrantless search and any and all evidence obtained afterwards which was derived from the search [Doc. 35].

This Court referred the motion to United States Magistrate Judge H. Bruce Guyton, who issued a Report and Recommendation ("R&R") recommending that the Court deny defendant's motion [Doc. 50]. Defendant objected to the R&R [Doc. 55], and the government responded [Doc. 58]. Because the Court agrees with Judge Guyton's conclusion, it will **OVERRULE** defendant's objections [Doc. 55], **ACCEPT IN WHOLE** the R&R [Doc. 50], and **DENY** defendant's Motion to Suppress Evidence [Doc. 35].

## I.       Background

The Court presumes familiarity with the R&R's description of the background. Neither party objected to the magistrate judge's description of the testimony presented at the evidentiary hearing [Doc. 55 p. 1].  The Court, therefore, incorporates by reference the introduction and testimony at the evidentiary hearing sections from the R&R as background.

## II.      Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient."  *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1).

## III.     Analysis

Defendant makes two objections to the R&R [Doc. 55].  First, defendant objects to Judge Guyton's conclusion that there was an independent source to find probable cause for the search warrant after excluding evidence from the first illegal search.  Second, defendant

objects to the application of the good-faith exception in the event there was not probable cause for the warrant.  The Court will address each argument in turn.

## A.    Independent Source

Defendant first objects to Judge Guyton's conclusion that the search warrant had probable cause because the information contained in the affidavits did not have a genuinely independent source for the information [Doc. 55 p. 2].  Defendant argues that the officers could only have matched the suspect's clothing with defendant's clothing by illegally entering the room in the first instance and seeing the clothing items on the floor.  Defendant argues that once law enforcement saw the items during the illegal search, "the taint of this initial illegality remained in the Affidavits, and Defendant objects to inclusion of these additional portions as part of the Court's reevaluation of probable cause" [Doc. 55 p. 4].  Defendant states that the portions of the affidavit mentioning the clothing and shoes should be struck as well [*Id.*].  Thus, defendant objects to the Court crediting Special Agent Leatham's testimony that he did not see the clothing on the initial breach and that the Court erred in only striking limited portions of the affidavit because the information did not come from a genuinely independent source.  The government characterizes this argument as stating "that because the search warrant affidavits mention various items that were later found in the hotel room, the officers must have seen these items when they initially entered the room" [Doc. 58 p. 3].  Contrary to defendant's assertions, the portions of the affidavit mentioning the clothing were properly included, and the warrant was supported by

3

probable cause because there was an independent source for believing the items would be found in the room.

When presented with a search conducted pursuant to a warrant, which was based on a sworn affidavit containing information collected as part of a prior unlawful search, courts are not required to simply discard the fruits of the lawful search. *United States v. Jenkins*, 396 F.3d 751, 757–61 (6th Cir. 2005). Under *Murray v. United States*, 487 U.S. 533, 537 (1988), "evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality" is admissible. The rationale is that the later lawful search is an "independent source," assuming it is untainted by the unlawful search. *Id.* at 537-38. If the search warrant affidavit "contains probable cause apart from the improper information, then the warrant is lawful and the independent source doctrine applies, provid[ed] that the officers were not prompted to obtain the warrant by what they observed during the initial entry." *United States v. Jenkins*, 396 F.3d 751, 758 (6th Cir. 2005) (quoting *United States v. Herrold*, 962 F.2d 1131, 1141 (3d Cir. 1992)). This rule seeks to put the government in the same position it would have been without the illegal search, if possible, and not a worse position. *See Murray*, 487 U.S. at 542 ("[W]hile the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied.").

Thus, contrary to defendant's argument, the question is not "whether SA Leatham or others had seen the pile of men's clothing in the far corner of the hotel room where

4

Defendant was standing when they entered" [Doc. 55 p. 3]. Instead, the question is whether the government has shown that (1) the initial entry prompted officers to seek the search warrant, and (2) even disregarding information obtained from the initial entry, whether a neutral magistrate would have still issued the search warrant. *United States v. Williams*, 656 F. App'x 751, 753 (6th Cir. 2016) (citing *Murray*, 487 U.S. at 542; *Jenkins*, 396 F.3d at 758, 761).

In determining whether the initial entry prompted officers to obtain a search warrant, "the Supreme Court has instructed district courts not to give dispositive effect to officer assurances that a warrant would have been sought in the absence of the illegal search. Instead, '[w]here the facts render [officer] assurances implausible, the independent source doctrine will not apply.'" *Williams*, 656 F. App'x 751, 753 (quoting *Murray*, 487 U.S. at 540 n.2). However, the magistrate judge's assessment of SA Leatham's testimony is entitled to deference because the magistrate judge is in the best possession to observe and determine credibility. *United States v. Vaughn*, 429 F.Supp.3d 499, 507 (E.D. Tenn. 2019) (citing *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2006).

Considering the deference given to the magistrate judge's credibility determination and the strength of the evidence to provide probable cause, discussed below, the independent source doctrine does apply. Defendant presents no evidence that the warrant was prompted by the initial entry other than stating that law enforcement must have seen the items. The warrant mentions other items not located in the hotel room, like the rain poncho, wig, and envelopes, which is consistent with basing the warrant on the information

5

found from the Walmart and bank robbery footage rather than on the initial illegal search. That the items were potentially seen in the initial search is not reason alone to exclude the items from the warrant. The independent source doctrine does not apply only to evidence obtained for the first time during an independent lawful search, but "also to evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality." *Murray*, 487 U.S. at 537.

Second, to show that a magistrate judge would have still issued the warrant, "courts make this determination by excising the illegally obtained information [from the first search] from the affidavit and then deciding whether the remaining *legally* obtained information sufficiently supports a finding of probable cause to search." *Williams*, 656 F. App'x at 753–54.

In looking at the remaining evidence, defendant states that "[t]here is no contesting SA Leatham's testimony regarding the video surveillance from the banks and a car repair shop – the videos speak for themselves" [Doc. 55 p. 4]. Yet, despite video surveillance picturing items defendant wore and used during the robberies, defendant asks this Court to excise paragraphs that mention said items because law enforcement allegedly saw them during the warrantless search. Granting this request would put the government in a worse position, which is the antithesis of *Murray*'s rationale.

During the evidentiary hearing on defendant's motion to suppress [Doc. 35], Special Agent Leatham testified to information unrelated to law enforcement's warrantless entry into defendant's hotel room that provided an independent basis for the search warrant.

6

Agent Leatham testified that surveillance video appeared to show that the same man carrying a manila envelope committed all three robberies. Surveillance videos from two of the three robberies showed a man wearing a red poncho, khaki cargo shorts, and white tennis shoes [Doc. 50 p. 4]. Through defendant's use of a Walmart pay application, law enforcement determined that defendant purchased a poncho, manila envelopes, and black pens three (3) days before the first robbery [*Id*.]. After reviewing Walmart's surveillance video, Agent Leatham identified defendant as the man depicted in the bank surveillance video. Law enforcement then made inquiries as to defendant's Tennessee driver's license and vehicle registration information, along with an inquiry to the National Crime Information Center ("NCIC") for any available crime data. The inquiries identified defendant as having registered a 2018 Dodge Challenger [*Id*. p. 8]. That vehicle was located at the motel on March 7, 2020. Agent Leatham testified that he did not see any of the items in the hotel room before he requested the search warrant [*Id*. p. 12].

In evaluating what remains in a search warrant, the standard is "whether the magistrate judge had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991). This evidence tying the bank surveillance to the Walmart surveillance videos, the connection to defendant through the pay application, and the identification of his car at the motel is sufficient for the magistrate judge to find a substantial basis that the clothing would be found in that place independently of the initial search. The Court need not exclude all mention of the items from the affidavits as there

was an independent source for probable cause that the items may be found in the motel room. Judge Guyton's conclusion that there was sufficient probable cause in the non-excluded information to justify the search was correct.

Thus, the warrant was not prompted by the initial entry, and a neutral magistrate judge would have still issued the warrant. The Court finds Judge Guyton's conclusion correct that there was an independent source for the evidence, and defendant's objection is **OVERRULED**.

### B. Good Faith Exception

Defendant objects to Judge Guyton's application of the good faith exception in the event there was not probable cause for the warrant of defendant's hotel room [Doc. 55 p. 5]. Defendant contends the initial breach was sufficiently deliberate that exclusion can meaningfully deter it because the same agents applied for the warrant that previously illegally breached defendant's hotel room.

The government argues, as Judge Guyton found, that the good faith exception applies in this case [Doc. 58 p. 6]. The exception applies when the "facts surrounding the initial warrantless search were close enough to the line of validity to make the executing officers' belief in the validity of the search warrants objectively reasonable." *United States v. McClain*, 444 F.3d 556, 566 (6th Cir. 2005). Here, where the officers believed that there were exigent circumstances for the initial search (even if later invalidated) and there was an independent source for the information through the surveillance footage and subsequent findings as discussed above, the officers had a reasonable, good faith belief in the validity

8

of the warrant. Judge Guyton's conclusion was correct, and the objection is thus **OVERRULED**.

## IV. Conclusion

For the reasons discussed herein, and upon careful, *de novo* review of the record and the law, defendant's objections [Doc. 55] are **OVERRULED**. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 50] and incorporates it into this Memorandum Opinion and Order. Accordingly, defendant's Motion to Suppress Evidence [Doc. 35] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9