UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,              )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No. 3:20-CR-031-KAC-HBG
                                       )
ROBERT Z. WHIPPLE, III,                )
                                       )
            Defendant.                 )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court are Defendant's pro se Motion for New Counsel [Doc. 76], pro se Motion to Remove Forrest Wallace [Doc. 80], pro se Motion for Medical Treatment [Doc. 87], second pro se Motion for New Counsel [Doc. 89], pro se Motion for Clarification [Doc. 90], and pro se Motion to Provide Medical Care [Doc. 93], as well as defense counsel's Second Motion to Withdraw [Doc. 91].

The parties appeared before the undersigned via videoconference on January 25, 2021. Assistant United States Attorney LaToyia Carpenter appeared on behalf of the Government. Attorney Forrest Wallace appeared on behalf of Defendant, who was also present. CJA Panel Attorney Joshua Hedrick was also present.

## I.      SUBSTITUTION OF COUNSEL

Attorney Wallace was previously appointed to represent Defendant on May 21, 2020 [Doc. 22] after the Federal Defender Services of Eastern Tennessee filed a Motion to Substitute Attorney [Doc. 18], claiming that Defendant had filed a pro se Motion for New Counsel [Doc. 20] which included a complaint addressed to the Tennessee Board of Professional Responsibility.

On January 5, 2021, the Court held a motion hearing before Magistrate Judge Guyton regarding Attorney Wallace's Motion to Withdraw [Doc. 67] and Defendant's pro se Motion to Substitute Counsel [Doc. 62], as well as Defendant's pro se Motion for Medical Treatment [Doc. 69]. *See* [Doc. 71].[1] However, on January 5, 2021, the Court entered an order denying the pending motions [Docs. 62, 67, and 69], finding that Defendant had not established good cause for the appointment of new counsel. [Doc. 72]. The Court found that there was no basis to find that the attorney-client relationship was irreparably broken. [*Id.*]. Defendant was instructed that he was not allowed to file pro se motions on his own behalf while represented by counsel and the Court directed Attorney Wallace to review Defendant's pro se motions regarding his medical treatment. [*Id.*].

However, following the Court's order, Defendant filed a slew of pro se motions regarding objections to the Court's previous order denying the appointment of new counsel [Doc. 75], motions for new counsel [Docs. 76, 80, and 89] motions to dismiss [Docs. 77 and 84], objections to the Court's previous order denying Defendant's motion to suppress [Doc. 85] and a notice of appeal of the denial of this suppression order [Doc. 79], a motion for discovery [Doc. 86], motions relating to his request for medical treatment [Docs. 81, 87, 90, and 93], and a motion to proceed in forma pauperis [Doc. 82] and a verified complaint [Doc. 83].[2]

Attorney Wallace also filed his Second Motion to Withdraw as Attorney of Record [Doc. 91], stating that following the Court's January 5th hearing, he participated in a video teleconference on January 7, 2021 that lasted only a few moments before Defendant ended it. Additionally, Attorney Wallace states that on January 11, 2021, he received correspondence from the Tennessee

---

[1] Attorney Hedrick also appeared via videoconference at this hearing in case new counsel was appointed.

[2] Defendant also filed a pro se motion for compassionate release [Doc. 98], motion to hold Attorney Wallace in contempt [Doc. 99] and another objection to Judge Guyton's order [Doc. 100] on January 25, 2021, although these motions were mailed on January 22, 2021.

2

Board of Professional Responsibility regarding a complaint lodged by Defendant through its Consumer Assistance Program. Attorney Wallace subsequently responded to Defendant via letter, addressing the raised concerns, on January 12, 2021. However, Attorney Wallace states that he believes that the attorney-client relationship is beyond repair.

During the January 26, 2021 video hearing, the Court conducted a sealed, *ex parte* hearing with Defendant and Attorney Wallace in order to learn the nature and extent of the problems with the attorney-client relationship. During the sealed portion of the hearing, Attorney Wallace and Defendant explained in more detail the basis of their motions, and the Court questioned Defendant regarding his request for new counsel. Additionally, the Court inquired as to Defendant's efforts to seek medical attention.

Based upon the representations of Attorney Wallace and Defendant during the hearing, as well as the additional developments after the Court's January 5, 2021 hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate effectively is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, defense counsel's Second Motion to Withdraw [**Doc. 91**] is **GRANTED**, and Attorney Wallace is **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Hedrick agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Hedrick under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Wallace is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Hedrick. Defendant's pro se Motion for New Counsel [Doc. 76], pro se Motion to Remove Forrest Wallace [Doc. 80], and second pro se Motion for New Counsel [Doc. 89] are **DENIED AS MOOT**.

3

Defendant is again **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel, as these motions are in contravention of the Local Rules.

## II.   DEFENDANT'S REQUESTS FOR MEDICAL TREATMENT

Following the appointment of Attorney Hedrick, the Court addressed the pending motions regarding Defendant's requests for medical treatment [Docs. 87, 90, and 93]. Ultimately, the Court directed Attorney Hedrick to review the pending motions and discuss the issues regarding the alleged lack of medical treatment with Defendant, as well as to consult with the United States Marshals Service. The Court directed the parties that Magistrate Judge Guyton will schedule a status conference with the parties after Attorney Hedrick has been provided an opportunity to review Defendant's concerns regarding his medical treatment. The Court will resolve the pending motions regarding Defendant's medical treatment at that time.

## III.   CONCLUSION

Accordingly, for the reasons set forth above, it is **ORDERED**:

> (1) Defense counsel's Second Motion to Withdraw [**Doc. 91**] is **GRANTED**. Defendant's pro se Motion for New Counsel [**Doc. 76**], pro se Motion to Remove Forrest Wallace [**Doc. 80**] and second pro se Motion for New Counsel [**Doc. 89**] are **DENIED AS MOOT**;
>
> (2) Attorney Wallace is **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and
>
> (3) Attorney Joshua Hedrick is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge

4