IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:20-CR-31-KAC-HBG |
| ROBERT Z. WHIPPLE, III, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the Court on Defendant Robert Whipple's Motion for Early Production of Jencks Material [Doc. 113] and Motion *in Limine* to Exclude Certain Messages from Evidence [Doc. 114], both filed on April 9, 2021. The parties appeared for a hearing on these motions[1] on May 17, 2021. Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Attorney Joshua D. Hedrick represented Defendant Whipple, who was also present.

I. **EARLY PRODUCTION OF JENCKS MATERIALS**

Defendant asks the Court to require the Government to disclose Jencks material (witness statements and reports) before trial [Doc. 113]. Defendant acknowledges that the Jencks Act permits the Government to produce its witnesses' statements or reports after the witness testifies on direct examination. 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 26.2. However, he argues that

---

[1] The Court also heard evidence and argument on three motions to suppress evidence [Docs. 112, 115, & 117] and a motion to reopen an earlier suppression hearing [Doc. 116]. The Court has entered a separate Report and Recommendation on these motions.

pretrial disclosure of this material is necessary to ensure a fair trial and to prevent repeated delays at trial.

The Government responds [Doc. 121] that it cannot be compelled to disclose Jencks materials before trial. However, it states that it will provide any outstanding Jencks materials to the defense on the Friday before trial begins on the following Tuesday. The Government argues that Defendant has not provided a compelling basis for disclosure earlier than agreed. It observes that the crimes charged are inherently violent and that it has a compelling interest in protecting the identity and statements of its witnesses until the trial is imminent.

At the May 17 motion hearing, Mr. Hedrick agreed that the law supporting the Government's position is stronger than that supporting the defense position. He stated that given the state of the law, this issue is likely resolved in favor of the Government.

The Jencks Act provides that the Government cannot be compelled to produce its witnesses' statements or reports until after the witness testifies on direct examination. 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 26.2. The Court cannot compel the Government to disclose Jencks Act materials at a time earlier than what the Act itself permits. *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see also United States v. Algie*, 667 F.2d 569, 571-72 (6th Cir. 1982). Although the Court possesses inherent power over the provision of discovery, it "c[an] not use its inherent power to compel the government to produce Jencks Act material prior to trial." *United States v. Perkins*, No. 12–11–DLB–EBA, 2014 WL 3436074, *13 (E. D. Ky July 11, 2014) (citing *Algie*, 667 F.2d at 572).

Defendant argues that excessive delays in the trial will occur if defense counsel must review Jencks materials after a witness's testimony on direct examination. The Court's scheduling order provides that "[t]he government is strongly encouraged to reveal Jencks Act materials to

2

defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials" [Doc. 16, ¶O]. Here, the Government has agreed to reveal Jencks Act materials on the Friday before trial begins the following Tuesday. The Court finds this agreement alleviates Defendant's concerns about undue delays at trial. The Court also finds that disclosure four days before trial is appropriate due to the Government's concerns about the effect of early disclosure on its witnesses, given the nature of the crimes charged.

The Court finds that the Government has agreed to disclose Jencks Act materials four days before trial. To the extent Defendant seeks disclosure earlier than four days before trial, his motion [**Doc. 113**] is **DENIED**.

II. **EXCLUSION OF FACEBOOK MESSAGES**

Defendant also moves the Court to exclude Facebook Messenger messages from his father accusing Defendant of stealing money from him [Doc. 114]. He argues that these messages, which were seized by law enforcement pursuant to a search warrant for his cellular telephone, are not admissible under Federal Rules of Evidence 401 through 404 and 801. He contends that the messages are hearsay, as defined by Rule 801 and do not come within any exception. He also contends they are not relevant under Rules 401 and 402, because they do not make any fact at issue more or less likely. He contends that the messages are inadmissible character evidence under Rule 404 and that the risk of unfair prejudice from admitting these messages substantially outweighs any probative value under Rule 403.

The Government responds [Doc. 123] that it does not intend to use the messages sent by Defendant's father accusing Defendant of stealing money from the father's bank account, unless the Defendant opens the door to this evidence by presenting testimony that he is trustworthy or that he does not steal.

3

At the May 17 hearing, Mr. Hedrick agreed with the Government's position that the messages from his father would only be admissible for impeachment purposes. Mr. Hedrick said he was satisfied that the issue is resolved based on the pleadings [Doc. 137, Transcript of May 17, 2021 hearing, p.6].

The Court finds that the parties agree that the Government will not present the Facebook Messenger messages [Doc. 114-1] from Defendant's father accusing Defendant of stealing money from his account in its case-in-chief. The parties also agree that the messages may be introduced as impeachment evidence, if the Defendant presents testimony that he is trustworthy or that he does not steal. Accordingly, the Court finds that Defendant's motion [**Doc. 114**] is **RESOLVED** by agreement of the parties. If the Government decides that it will introduce the Facebook Messenger messages as impeachment evidence, it is **DIRECTED** to notify the defense and the District Judge of its intention to introduce this evidence out of the presence of the jury to give Defendant the opportunity to object, if appropriate, and the District Judge an opportunity to rule on any objection.

### III. CONCLUSION

For the reasons stated herein, the Court **ORDERS** as follows:

(1) Defendant's Motion for Early Production of Jencks Material [**Doc. 113**] is **DENIED**, because the Government has agreed to provide Jencks Act materials four days before trial; and

(2) Defendant's Motion *in Limine* to Exclude Certain Messages from Evidence [**Doc. 114**] is **RESOLVED** by the agreement of the parties that the Government will not introduce the Facebook Messenger messages by Defendant's father accusing Defendant of stealing [*see* Doc. 114-1] in its case-in-chief at trial. The Government may introduce this evidence to impeach defense testimony that Defendant is trustworthy or does not steal. If the Government decides to use the Facebook Messenger messages as impeachment evidence, it is **DIRECTED** to notify the defense and the District Judge, out of the presence of the jury, of its intention to introduce this evidence.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge