UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.:   3:20-CR-31-KAC-JEM |
| | ) |
| ROBERT Z. WHIPPLE, III, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

This case is before the Court on Defendant's various pro se filings [*See* Docs. 231, 236, 252-256, 259, 263, 266, 268, 269, 277-279, 282, 288, 291]. On February 10, 2023, the Court sentenced Defendant to a term of imprisonment of seventy (70) months [Doc. 202 at 2; *see also* Doc. 208 at 2]. On February 6, 2024, the Court entered an Order [Doc. 293] granting the Parties' Joint Motion for a Reduction of Sentence under Guideline Amendment 821, Part A [Doc. 286][1] and reduced Defendant's sentence to a term of imprisonment of time-served as of February 6, 2024 [*See* Doc. 294 at 2]. The Bureau of Prisons (BOP) released Defendant from custody on February 7, 2024. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/. Between Defendant's sentencing and his release from custody of the Bureau of Prisons, Defendant made his various pro se filings [*See* Docs. 231, 236, 252-256, 259, 263, 266, 268, 269, 277-279, 282, 288, 291] and the Court relieved Attorney Joshua Hedrick

---

[1] The Parties filed their Joint Motion as a "Joint Motion for Indicative Ruling under Guideline Amendment 821, Part A" [Doc. 286]. The Court granted the Parties' Joint Motion and issued an Indicative Ruling [Doc. 287]. Based on that Indicative Ruling [Doc. 287], the Sixth Circuit entered a limited remand of this case for the Court to grant Defendant relief under Guideline Amendment 821, Part A [*See* Doc. 292 at 1]. Immediately thereafter, the Court construed the Parties' "Joint Motion for Indicative Ruling under Guideline Amendment 821, Part A" as "a motion for relief under 18 U.S.C. § 3582(c)(2) and Amendment 821" [*See* Doc. 293 at 3 n.1].

from representing Defendant [*See* Doc. 274 at 2]. Each of Defendant's motions falls into one (1) of five (5) categories. **First**, Defendant filed various motions related to compassionate release under 18 U.S.C. § 3582(c) [Docs. 236, 253, 254, 256, 259, 266, 268, 269, 277, 278, 291]. **Second**, Defendant filed various motions asking the Court to order BOP to transfer Defendant's custody to the Eastern District of Tennessee [Docs. 252, 279, 282]. **Third**, Defendant filed two (2) motions related to Attorney Hedrick's representation of Defendant [Docs. 263, 288]. **Fourth**, Defendant filed a "Motion to Order an Investigation into FCI Beckley Legal Mail Tampering" [Doc. 255]. **Fifth**, Defendant filed a "Motion for Return of Property" [Doc. 231], to which the United States responded in opposition [Doc. 251]. The Court addresses each category of motions in turn.

I. **Motions Related Compassionate Release**

Defendant has filed Motions for Compassionate Release under 18 U.S.C. § 3582(c) [Docs. 236, 253, 254, 256], a "Motion to Compel Appointed Attorney to Act and for an Emergency Evidentiary Hearing" [Doc. 259], Motions to Compel the United States to Respond to Defendant's Motions for Compassionate Release under 18 U.S.C. § 3582(c) [Docs. 266, 268], a Motion to Proceed Pro Se on Defendant's Motions for Compassionate Release [Doc. 269], a Motion for an Immediate Ruling on Defendant's Motions for Compassionate Release [Doc. 277], and Motions to Ascertain Status of Defendant's Motions for Compassionate Release and Related Motions [Doc. 278, 291]. Since Defendant filed those motions, the Court has granted Defendant relief under 18 U.S.C. § 3582(c)(2), [*see* Doc. 293], and reduced Defendant's term of imprisonment to time-served as of February 6, 2024 [*See* Doc. 294 at 2]. Accordingly, the Court **DENIES AS MOOT** Defendant's motions related to compassionate release [Docs. 236, 253, 254, 256, 259, 266, 268, 269, 277, 278, 291].

**II.     Motions Related to Transfer of Custody to Eastern District of Tennessee**

Defendant has filed three (3) motions asking the Court to order BOP to transfer his custody to the Eastern District of Tennessee: (1) a "Motion for Attorney/Client Conference" [Doc. 252], in which Defendant "moves for an order for [Defendant] to be returned to the district for the purpose of an attorney/client conference," [Doc. 252 at 1]; (2) an "Emergency Motion for Transfer Back to E.D. Tenn." [Doc. 279]; and (3) an "Emergency Motion for Transfer Back to the [Eastern] District [of Tennessee] for an Evidentiary Hearing" [Doc. 282]. Defendant is no longer in BOP custody. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/. Accordingly, the Court **DENIES AS MOOT** Defendant's motions asking the Court to order BOP to transfer Defendant's custody to the Eastern District of Tennessee [Docs. 252, 279, 282].

**III.    Motions Related to Attorney Hedrick**

Defendant has filed two (2) motions asking the Court to hold Attorney Hedrick in contempt of court [Docs. 263, 288]. As a basis for those requests, Defendant alleges that Attorney Hedrick "fail[ed] to represent Defendant on a Compassionate Release Motion," [Doc. 263 at 1], and "fail[ed] to abide by an order of this Court," specifically, an "oral[] order[]" "to send Defendant a copy of the victim impact statement" related to his offense, [Doc. 288 at 1].

Under 18 U.S.C. § 401, a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Courts have "wide discretion" in selecting any "contempt sanctions intended to coerce future compliance." *G.&C. Merriam Co. v. Webster Dictionary, Inc.*, 639 F.2d 29, 41 (1st Cir. 1980). "[I]n selecting contempt sanctions, a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal

3

quotation marks omitted) (quoting *United States v. City of Yonkers*, 856 F.2d 444, 454 (2d Cir. 1988)). Here, even if the Court were to exercise the least possible power adequate to the end proposed, the Court would order Attorney Hedrick to withdraw from the case. *See Spallone*, 493 U.S. at 276. But the Court has already relieved Attorney Joshua Hedrick from representing Defendant [*See* Doc. 274 at 2]. Accordingly, the Court **DENIES** Defendant's motions asking the Court to hold Attorney Hedrick in contempt of court [Docs. 263, 288].

IV. **"Motion to Order an Investigation into FCI Beckley Legal Mail Tampering" [Doc. 255]**

In his "Motion to Order an Investigation into FCI Beckley Legal Mail Tampering" [Doc. 255], Defendant asks the "Court to order an investigation by the U.S. Postal Inspectors, or other suitable agency, into a pattern of legal mail abuses by DOJ officials at FCI Beckley" [Doc. 255 at 1]. It is not appropriate for this Court to order an investigation into the mail operations of the BOP on the basis of the limited allegations in Defendant's Motion. *See Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward the problems of prison administration."); *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) ("[T]his Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world."); *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("[C]ourts must exercise restraint in supervising the minutiae of prison life."). Accordingly, the Court **DENIES** Defendant's "Motion to Order an Investigation into FCI Beckley Legal Mail Tampering" [Doc. 255].

V. **"Motion for Return of Property" [Doc. 231]**

In his "Motion for Return of Property" [Doc. 231], Defendant "moves for the return of seized property" under Federal Rule of Criminal Procedure 41(g) [Doc. 231 at 1]. Defendant

4

"specifically requests return of his wallet and contents and cellphone" because, he asserts, "there is no dispute that these items are owned by Defendant and are not contraband" [*Id.*]. The United States responded in opposition, stating that it "does not possess [Defendant]'s wallet and therefore cannot return it," but that it "does possess [Defendant]'s cell phone but needs to maintain possession of it until criminal proceedings against him are complete" because Defendant's "appeal is pending in the Sixth Circuit" [Doc. 251 at 1-2]. Since the United States filed its Response [Doc. 251], the Sixth Circuit announced its decision in Defendant's appeal [*See* Doc. 297].

Under Rule 41(g), a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The court must receive factual evidence on any factual issue necessary to decide the motion." *Id.*

While the United States has indicated that it does not possess Defendant's wallet, [*see* Doc. 251 at 1], the current record is insufficient to assess whether the United States still possesses Defendant's cellphone. The Court "must receive evidence" on whether Defendant's cellphone is in the possession of the United States and, if so, whether it is contraband or necessary for any ongoing investigation. *See* Fed. R. Crim. P. 41(g). Accordingly, the Court **ORDERS the United States** to respond to this Order, indicating whether it still possesses Defendant's cellphone **within fourteen (14) days of the entry of this Order.**

VI. Conclusion

As set forth above, the Court the Court **DENIES AS MOOT** Defendant's motions related to compassionate release [Docs. 236, 253, 254, 256, 259, 266, 268, 269, 277, 278, 291], **DENIES AS MOOT** Defendant's motions asking the Court to order BOP to transfer Defendant's custody to the Eastern District of Tennessee [Docs. 252, 279, 282], **DENIES** Defendant's motions asking the Court to hold Attorney Hedrick in contempt of court [Docs. 263, 288], **DENIES** Defendant's

"Motion to Order an Investigation into FCI Beckley Legal Mail Tampering" [Doc. 255], and **ORDERS the United States** to respond to this order **within fourteen (14) days of entry**, indicating whether the United States possesses Defendant's cellphone.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge